PAYNE, DIRECTOR GENERAL OF RAILROADS, *v.* STEVENS ET AL.

[88 South. 165, No. 21763.]

1. APPEAL AND ERROR. *Dismissal and nonsuit. Trial. Misjoinder of parties plaintiff cannot be urged on appeal unless notice given and misjoinder pleaded below; peremptory instruction against either party proper where evidence justifies it; plaintiff may take nonsuit at any time before verdict.*

Misjoinder of party plaintiffs in a suit cannot be taken advantage of on appeal unless notice was given and the misjoinder pleaded in the lower court. It is proper to grant a peremptory instruction against either party where the evidence justifies it. It is a legal privilege of a plaintiff to take a nonsuit in a case at any time before verdict.

2. CARRIERS. *White passenger compelled to ride with negroes in coach designated for white persons may recover.*

Under our separate coach law (section 4059, Code of 1906; section 6687, Hemingway's Code), a white passenger who, after notice and objection to the conductor, is compelled to ride in a compartment with negroes, in a coach designated for white persons, may recover damages from the railroad for violation of the statute; and this is true even though there were other coaches on the train for white persons, and the sign designating the coach had been changed by some outside agency.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by A. E. Stevens and four others against John Barton Payne, Director General of Railroads of the United States. From the judgment in favor of three of the plaintiffs, defendant appeals. Affirmed.

*Smiths, Young & Leigh,* for appellant.

The legal questions raised by this record are: 1. Can white passengers, upon a railroad, recover damages for the failure of the carrier to provide separate accommodation for the races, where the carrier has provided such accommodation and properly designated the same, but such designations have, through the interposition of third persons, been reversed so as to make it appear that the accommodations furnished for the negro race were in fact for the white race? 2. Can several persons, each traveling upon a separate rate ticket, and independent of the others, recover a single sum in one suit in satisfaction of the several damages they all claimed to have sustained?

The duty to furnish separate accommodations is statutory and when the statute has been complied with by furnishing separate cars, as was done in this case, there can be no recovery for the failure to perform that portion of the statute.

The undisputed evidence in this case shows that there were several cars upon the train in which there were no colored passengers, and that this was known to the plaintiffs. This being true there was no necessity for the designation by the conductor of the cars assigned to the white passengers, and if the plaintiffs, knowing that fact, voluntarily entered the cars occupied by negroes they cannot recover *"volenti non fit injuria."  Bridges, Administrator, v. Tennessee Coal, Iron & Railroad Company,* 109 Ala. 287.

As several plaintiffs joined in this action it was necessary that they should have all been entitled to recover before any of them could have recovered. *Prestwood* v. *Mc-*

*Gowin,* 128 Ala. 267; *Southern Railway Company* v. *Meaher,* 238 Fed. 538. Where several sue and only one has any interest in the suit the court can, upon motion, eliminate those who have no interest, or can control the matter by charges. *Bacot* v. *Phoenix Insurance Co.,* 96 Miss. 223, 50 So. 729.

But where each has an interest in the transaction upon which the suit is based, but that interest is separate interest and distinct from the interest of each of the others the court cannot select the plaintiff that it will allow to recover, and deny a recovery to the others, for one would have as much right to recover as the other, and the court cannot elect between them. *Tribbette et al.* v. *Illinois Central Railroad Company,* 12 So. 32; *Cumberland Telephone & Telegraph Co.* v. *Williamson,* 57 So. 559; *Gulf & Ship Island R. Co.* v. *Walker et al.,* 60 So. 1014; *Newell* v. *Ill. Central Railroad Co.,* 63 So. 351.

The following cases to the contrary have been overruled by the case *supra*: *Tisdale* v. *Insurance Co. of North America,* 36 So. 568; *Johnson* v. *Bacon,* 45 So. 858. The court erred in not charging the jury as requested by the defendant, to find a verdict for the defendant and also erred in entering a joint judgment in favor of three plaintiffs upon the verdict of the jury.

*Mize & Mize* and *F. W. Elmer, Jr.,* for appellees.

Counsel in their brief present the following questions: 1. Can several persons claiming rights under separate and distinct contracts join as plaintiffs in one suit to recover a joint damage for the failure of a carrier to separate races in a particular car?

Our answer to this, is that they can where the principles controlling each case are the same, though they could not be compelled to do it. At any rate, counsel were certainly satisfied on this point in the court below as they made no objection on the ground of misjoinder. If this joinder

of plaintiffs was wrong, appellant should have taken advantage of it in the court below.

2.    Whether the fact that the sign attached to the door of the car which had been assigned to colored people was by some one or other than an employee of the company, changed so as to indicate that the car had been assigned to white passengers, made it the duty of the conductor to eject the colored passengers therefrom, and turn the car over to white people, and rendered defendant liable for a failure on the part of the conductor to do this?

In reply to this, we will say that there is no evidence that this sign was changed by any one, and, further if it had been so changed, it was the duty of the conductor or other railroad officials to have informed the white people who were in the coach which was ostensibly for white people judging from this sign, that in reality they were in a negro coach and not in a white coach, so they might have acted accordingly.    This the conductor did not do, and the record will disclose that the conductor assumed that they were in a white passenger coach, because the record shows that he told these passengers to tell the negroes that were in said coach to get out of the coach, which the negroes refused to do.

As to appellant's contention, made at page four of their brief, that there were several cars in said train in which there were no colored passengers, and that this was known to plaintiffs and that there was therefore no necessity for the conductor to designate the cars assigned to the white passengers, and that if the plaintiffs, knowing that fact, voluntarily entered the car occupied by negroes, they cannot recover, we have to say that the record shows that this coach which appellees entered and in which negroes were riding was labeled "For White Passengers;" that the other coaches for white passengers were jammed and crowded so that appellees could not get seats; that this other coach being labeled "For White Passengers," they had a perfect right to assume that the label was correct and that it was

for white passengers, and to act accordingly, and, when they got in there if it was in reality a negro coach and the sign was not correct, then it was the duty of the conductor to inform them that they were not in a white coach, which he did not do.  It is shown by the record that there was plenty of room in the negro compartment for these negroes who were in this coach with appellees; and the record further shows that the railroad company's employees on said train realized this, because the conductor, on being complained to about the negroes being in the coach, told said white passengers to notify the negroes to get out.

At the bottom of page four of brief for appellant, counsel say:  "But, where each has an interest in the transaction upon which the suit is based, but that interest is separate interest and distinct from the interest of each of the others, the court cannot select the plaintiff that it will allow to recover and deny a recovery to the others, for one would have as much right to recover as the other, and the court cannot elect between them."

To this proposition, we reply that the court did not select the plaintiffs who should recover.  The court permitted a nonsuit at the instance of Norman Walker, which was proper, and, as to the other plaintiff J. R. Webb, not included in the verdict, the appellant had the court to instruct the jury that it could not find for said J. R. Webb, thereby consenting that the interest of the other three plaintiffs should be submitted to the jury, and, in this phase of the case the appellant should not now be heard to complain because the jury rendered a verdict for these three plaintiffs.

Appellant further contends that peremptory instruction for the appellant should have been given.  We submit that a peremptory instruction was correctly denied appellant.  This case is controlled by the cases of: *Alabama, etc., R. R.* v. *Morris,* 103 Miss. 511; *Southern Light Co.* v. *Compton,* 86 Miss. 269.

HOLDEN, J. delivered the opinion of the court.

This is a joint suit by the appellee Stevens and four others to recover damages from the appellant railroad company on account of having to ride, over their objection, in the same passenger coach with negroes, from Pascagoula to Biloxi. A recovery for four hundred dollars as damages was had by the appellee Stevens and two other plaintiffs. A nonsuit was taken by one of the original plaintiffs, and a peremptory instruction was granted by the court against another. The railroad appeals from the judgment of the lower court.

The appellees secured tickets and boarded the train at Pascagoula for Biloxi. They entered a coach designated by a sign "for white passengers" and occupied seats therein. They observed a number of negroes riding as passengers in the same compartment of the coach with them. They requested the negroes to vacate the compartment and go into another part of the coach, which the negroes refused to do. Presently the conductor came in and collected the tickets. The appellees complained to the conductor and requested him to remove the negroes to another part of the coach or train, and the conductor replied that he was busy and would give the matter his attention later on, and said to one of the appellees, "Tell the negroes to move out of that compartment," but the conductor made no effort to move the negroes from the seats they occupied. The appellees claim they were damaged by humiliation and embarrassment in being compelled to ride in the same car with the negroes, and the recovery was based upon a violation of the statute with reference to the separation of races on passenger trains. Section 4059, Code of 1906, section 6687, Hemingway's Code.

The appellant railroad company introduced evidence showing that the sign "for white passengers" on the coach in which the appellees rode had two sides to it, one of which read "for colored passengers;" that in some way, without the consent or knowledge of the railroad company,

this sign had been turned round so as to designate the car for white passengers when it should have been designated for color passengers; that the car was for colored passengers instead of white; and that there were other coaches on the train occupied solely by white people.

The appellant contends for a reversal upon several grounds, namely: First, that there was a misjoinder of plaintiffs in the suit; second, that the court erred in granting a peremptory instruction against one of the original plaintiffs and in permitting a nonsuit by another, because it was a joint action; third, that it was not the fault of the railroad company that the sign designating the car for white passengers had been changed from one designating it for colored passengers, and that the appellees voluntarily entered this negro coach and brought upon themselves the humiliation they complained of.

The two first contentions presented by the appellant deserve but scant consideration. There was no notice of misjoinder given by the appellant, nor was there even an objection to the joining of the plaintiffs in the suit, and, of course, misjoinder cannot be urged at this time.

As to the peremptory instruction putting one of the plaintiffs out of the case, and the nonsuit taken by another plaintiff, we know of no rule of law which prohibits the granting of a peremptory instruction against a party when the proof in the case justifies it; nor do we know of any legal reason why a party plaintiff may not take a non suit at any time before verdict. One of the long-established privileges of a plaintiff is to "quit complaining" and withdraw his suit.

As to the third point made by appellant, we think there would be considerable merit in it if it were not that the record in this case discloses that the appellees entered the coach designated for white passengers and took their seats, acting in the reasonable belief that they were riding in the coach provided for white people; and, more than this, they complained to the conductor about the presence of the negro passengers in the same compartment with them,

and requested the conductor to assign the negroes to a different compartment. The conductor did not inform the appellees that they were in the wrong compartment, but, on the other hand, tacitly or impliedly agreed that they were in the right part of the coach, and promised to give the matter his attention later; but this he failed to do, and the result was the appellees and the negro passengers rode together in the same compartment in violation of the statute on that subject.

The judgment of the lower court is affirmed.

*Affirmed.*