## Ammons *v.* Murphree *et al.*

(In Banc. May 26, 1941. Suggestion of Error Overruled June 14, 1941.)

[2 So. (2d) 555. No. 34374.]

Lee M. Russell, of Jackson, for appellant.

**R. H.** and **J. H. Thompson,** of Jackson, for appellee, The Pullman Company.

**May & Byrd,** of Jackson, **Clinton H. McKay** and **Lucius E. Burch, Jr.,** of Memphis, Tenn., for appellee, Illinois Central Railroad Company.

**Creekmore & Creekmore,** of Jackson, for appellee, Dennis Murphree.

Argued orally by **Lee M. Russell**, for appellant, and by **Harvey Thompson** and **H. H. Creekmore**, for appellees.

**Griffith, J.**, delivered the opinion of the court.

By her declaration, amendment thereto and bill of particulars in aid thereof, appellant, a white woman, averred that on or about August 4, 1933, she took passage, at Jackson, Mississippi, on an all-Pullman train known as the "Know Mississippi Better Train," which train was under the joint management and control of the defendants, Murphree, the Pullman Company, and the Illinois Central Railroad Company. That she had reserved and fully paid for lower berth No. 2 in one of the sleeping cars which formed a part of said train, and that on that night, while within the State of Mississippi, she found that a negro porter employed by the Pullman Company had been allowed to occupy as his sleeping quarters the upper berth of the same section, but upon the protest of plaintiff, made to the defendants, the porter was ousted for the time being. That, nevertheless, on the same night, while within the State of Tennessee, the negro porter again occupied the said upper berth, from which,

upon plaintiff's protest, he was ousted the second time; but for the remainder of the journey and particularly from the time of arrival at St. Louis, thence on to Chicago, including three nights in Chicago, and on the return from Chicago, through Illinois, Kentucky, and Tennessee, the said porter was allowed to occupy said upper berth in spite of the repeated protests of appellant, made to all three of the defendants.

The defendants filed separate demurrers which were sustained by the trial court, and the action was dismissed; hence this appeal.

The argument made by the defendants is that the statute, Section 6132, Code 1930, under which the action is brought, does not apply to or include employees, but has reference only to passengers. In this respect, the Mississippi statute and that of Tennessee are substantially identical; and if there was a violation of them while the train was within either of those two states the demurrers should have been overruled. We leave aside the other states.

Our Mississippi statute has been under review on several occasions, and among the cases are Louisville, N. O. & T. Co. v. State, 66 Miss. 662, 6 So. 203, 5 L. R. A. 132, 14 Am. St. Rep. 599, affirmed, 133 U. S. 587, 10 S. Ct. 348, 33 L. Ed. 784; Alabama & V. R. Co. v. Morris, 103 Miss. 511, 60 So. 11, Ann. Cas. 1915B, 613; Illinois Cent. R. Co. v. Redmond, 119 Miss. 765, 81 So. 115; Illinois Cent. R. Co. v. Cox, 132 Miss. 471, 96 So. 685; Payne v. Stevens, 125 Miss. 582, 88 So. 165. The purpose of the enactment is sufficiently discussed in Alabama & V. R. Co. v. Morris, supra. But the particular question here presented has not heretofore appeared in any of our cases.

The language of the statute, so far as pertinent to the stated contention, is that "Every railroad carrying passengers in this state shall provide equal but separate accommodations for the white and colored races," etc. The decision here must turn upon what is meant by the term "accommodations." We think the term was used

in the statute in the same sense as is understood by its analogous use in connection with accommodations at hotels or inns, that is to say, it is analogous to the furnishing of lodgings and food. If all hotels in this State accepted colored as well as white guests and there were a statute that hotels or inns shall provide equal but separate accommodations for the white and colored races, there would be but little ground for doubt that white and colored persons could not be lodged for the night in the same bedroom, or served with meals at the same time in the same dining room, and this without regard to whether one or the other of those so lodged or served be an employee or not; while, on the other hand, there would be no sound basis for the contention that the statute meant that, while in the performance of their respective duties, employees could not be temporarily and from time to time in the same room with a guest.

The statute is for the protection of those who are to receive the accommodations; and when an employee is himself receiving accommodations he is as much within the statute and its purposes as if he were during that time a passenger. When the negro porter was actively employed about his duties as porter in the sleeping car and was thereby engaged as a part of the business of furnishing the accommodations, his color would have nothing to do with the situation; but when lodged for the night in the same section with a white passenger, then he was being accommodated within the meaning of the statute—and that must be in a separate compartment, not in the same section as was the case here.

Reversed and remanded.

Alexander, J., took no part.

Dissenting Opinion.

Anderson, J., delivered a dissenting opinion.

Failure on the part of the railroad company to comply with Section 6132 of the Code of 1930 is made a criminal

offense by Section 1115 of the Code. The statute therefore is to be construed most strongly in favor of the railroad company and against the person seeking recovery for an alleged violation of the statute. Under that principle, it is manifest that the statute has no application to employees of the railroad company but applies alone to ''passengers''—using the language of the statute. The Pullman porter was not a passenger in the sense of the statute. He was the servant of the passengers. His passage on the train was a mere incident and a necessary one to his duties. He was there to serve the passengers and for that purpose subject to their call night and day, and that is true whether he was standing up, sitting down, or lying down. The statute requires separate accommodations for white and negro passengers.

**Smith, C. J.**, joins in this dissent.

### On Suggestion of Error.

**McGehee, J.**, delivered the opinion of the court on suggestion of error.

We must adhere to our former opinion in this case as to the proper construction of Section 6132, Code of 1930, requiring every railroad carrying passengers in this state to provide equal but separate accommodations for the white and colored races; that the statute applies to any railroad carrying passengers, but that the accommodations furnished are to be equal but separate for the white and colored races without regard to whether those receiving the accommodations while riding on the train are passengers or employees where they belong to a different race, as to being white or colored.

The former opinion was devoted entirely to the question as to what was meant by ''accommodations,'' and to the applicability of the statute, whether those traveling on a train carrying passengers, belonging to these two races, are all passengers or some of them are passengers

and some employees. The suggestions of error now under consideration are on behalf of the Pullman Company and the individual defendant Dennis Murphree, respectively. The points now argued by the Pullman Company were fully considered and decided in the former opinion, but the point now argued by the appellee, Dennis Murphree, on suggestion of error, wherein it is insisted that the statute in question does not apply to an individual, was not dealt with in the former opinion for the reason that the said appellee merely filed a brief containing a single paragraph in which he raised, but did not argue, the question now presented, and joined in the other briefs as to whether or not the statute had any application as between white passengers and colored employees.

And, since the case is here on demurrer and the declaration of the appellant alleges that the "Know Mississippi Better Train" in question was under the joint management and control of all of the defendants, and was sufficient in substance to charge a joint liability for the alleged violation of the statute, the appellant is entitled to develop the facts on her behalf in support of such allegation, and which, proof, if made on remand of the case, may be met by such individual defendant under a proper plea and proof as to whether or not he had such supervision and control over this particular train to enable him to exercise the power of seeing to it that the statute was complied with. We pretermit a decision as to whether the statute involved has any application to the said appellee as an individual until such time as the facts and circumstances in connection with his alleged joint management and control of the train shall have been developed upon a trial on the merits.

Suggestions of error overruled.

**Anderson, J.,** and **Smith, C. J.,** dissented.

**Alexander, J.,** took no part.