CEDAR RAPIDS NATIONAL BANK *v.* BERRY MURRAY.

[53 South. 393.]

JUDGMENT. *Res adjudicata. Dismissal for failure to answer under Code 1906, § 1938.*

When, under Code 1906, § 1938, providing that a party to a suit may take the testimony of a non-resident adverse party by filing interrogatories to him and given him or his attorney notice thereof, and authorizing the dismissal of his suit if he be plaintiff, or the rendition of a default judgment against him if he be defendant, in case the interrogatories are not answered within a reasonable time, a suit was dismissed, because the plaintiff failed to answer interrogatories to him prepared and filed by the defendant, the judgment will bar any other suit by plaintiff on the same cause of action.

From the circuit court of Rankin county.

HON. C. L. DOBBS, Judge.

The National Bank, appellant, was plaintiff in the court below; Murray, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court. The facts as stated by ANDERSON, J., were as follows:

Appellant, Cedar Rapids National Bank, sued the ap pellee, Berry Murray, in the circuit court on a promissory note. After the cause was at issue, the appellant failing to answer interrogatories propounded to it under section 1938 of the Code of 1906, a judgment was entered dismissing its cause. From this judgment an appeal was taken to this court by the appellant, and it was affirmed. 51 South. 601. Appellant then instituted a new suit on the same note, to which appellee interposed the plea of *res adjudicata,* to which plea appellant demurred, which demurrer was by the court below sustained, and judgment entered dismissing the cause, from which judgment appellant prosecutes this appeal.

*William Buchanan,* for appellant.

The plea of *res adjudicata* is not good, because it shows that the case was not and could not have been tried on its merits on the motion to dismiss.

"The broadest statement of the principle of *res adjudicata* would extend it only to such questions as were litigated, or might have been litigated, in the former suit." *Scully* v. *Lowenstein,* 56 Miss. 652; *Lorance* v. *Pratt,* 67 Miss. 191.

In *Baird* v. *Bardwell,* 60 Miss. 164, where motion was made to dismiss for want of prosecution this court says: "The decree in this case, we think, shows that the cause was not heard on its merits in the first suit, but was dismissed, when called for final hearing on motion of the defendant, because plaintiffs failed to appear."

Final judgment on sustaining a demurrer to declaration for failure to aver an essential fact is no bar to a subsequent suit between the same parties for the same cause. *Alabama, etc. Ry. Co.* v. *McCerron,* 75 Miss. 687.

The affirmance of a judgment of the circuit court by the supreme court on appeal does not render the judgment more effective in bar of another suit than it was before the appeal. Ib.

The former judgment must have been on a point in issue. "A fact in issue is that upon which plaintiff relies and defendant denies by pleading and not those collateral matters which either party may offer in evidence to establish the controverted issue." *Land* v. *Keirn,* 52 Miss. 350.

Issue of fact must be submitted to a jury. No issue was submitted to the court in this case, except that the plaintiff had failed to answer the interrogatories.

Dismissed on motion is the same as saying there shall be a judgment of nonsuit, voluntary or involuntary, which is not an adjudication on the merits. Code 1906, § 803; 20 Am. and Eng. Ency. L. (2nd. Ed.), 801, 803.

Failure to answer the interrogatories, subjected the plaintiff to the penalty of having its suit dismissed and to the payment of costs and nothing more.

*Sidney L. McLaurin,* for appellee.

Suppose the interrogatories had been addressed to a defendant and he had failed to answer; what would be the consequence? Clearly a judgment by default. The consequence of a judgment by default is the same as a judgment on issue joined. *Last Chance Min. Co.* v. *Tyler Min. Co.,* 157 U. S. 683; *Oregon R. Co.* v. *Oregon, etc. Co.,* 28 Fed. 505; *Hartman* v. *Pickering,* 84 Miss. 427.

If a judgment by default under this statute would be a bar to defendant, it is clear that it would also be a bar to another action by the plaintiff. The fact that

plaintiff may have had the right to enter a nonsuit, under § 803, of the Code, of which it did not avail itself, cannot put him in any better light.

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

Section 1938 of the Code of 1906 is in the following language: "If the testimony of the party to the suit who resides out of the state be desired by the adverse party, interrogatories to him may be filed in the clerk's office, and a copy thereof, with notice of filing, shall be given the party, or his attorney or solicitor; and if he fail to answer such interrogatories within a reasonable time, his plea shall be dismissed, if he be plaintiff or complainant, and if he be defendant his plea or answer may be taken off the file and judgment by default entered, or the bill be taken as confessed."

The plea of *res adjudicata* is good. Non-compliance by either party to a suit with the provisions of § 1938, Code 1906, authorizes the court, if he be plaintiff or complainant, to dismiss his cause, and if defendant, to strike his plea or answer from the files and render judgment by default, or that the bill be taken as confessed, as the case may be. Such failure by either party to comply with the terms of the statute is taken as a confession that his cause is without merit, and the court so adjudges. Such judgment is an adjudication of the issues involved, is a judgment on its merits, and concludes the parties from relitigating the same issues in another suit.          *Affirmed.*