ADAMS, STATE REVENUE AGENT, *v.* LUCEDALE COMMERCIAL
COMPANY ET AL.

[74 South. 435, Division B.]

1. EQUITY. *Voluntary dismisal. Constitutional and statutory provisions.*

Under section 802, Code 1906, giving to every plaintiff the absolute right to "suffer a nonsuit," if he elects to do so "before the jury retire to consider of its verdict," and section 687 of the same chapter, providing that, "all things contained in this chapter, not restricted by their nature or by express provision to particular courts, shall be the rules of decision and proceeding in all courts whatsoever, "the chancery court and the chancellor is governed by the same rule in regard to "suffering a nonsuit as the circuit court, and the chancellor is not vested with discretionary powers where he is called upon to consider an application by complainant to discontinue his action."

2. SAME.

The only limitation of the rule is applied to causes wherein the defendant has secured some right by the filing of the bill which would be destroyed by the dismissal of the bill and even then it is not a matter of discretion with the chancellor, it is a right of the defendant which controls.

APPEAL from the chancery court of George county.
HON. J. M. STEVENS, Chancellor.

Bill by Wirt Adams, State Revenue Agent, against the Lucedale Commercial Company. From the denial of his motion for leave, to dismiss his bill, without prejudice and from an order dismissing the causes and denying complainant any relief he appeals.

The facts are fully stated in the opinion of the court.

*F. C. Hathorn,* for appellant.

*White & Ford,* for appellee.

COOK, P. J., delivered the opinion of the court.

We will treat the record in this case according to the theory of appellee as to what it contains, and what it should contain.  The appellant, on July 28, 1913, a day of the regular term of the chancery court, filed a motion asking the leave of the court to dismiss his bill of complaint "without prejudice."  On July 27th the court overruled this motion, and on the same date, on the motion of appellee, the court entered an order dismissing the cause and denying complainant any relief.

At the preceding term of the court an order was entered for a hearing in vacation, the parties of each side of the controversy were given leave to take testimony within a fixed date, and the cause was to be heard on its merits, on a day fixed in the order.  Nothing was done by either side; no testimony was taken, and the case was not heard by the chancellor in vacation.  It will be seen that both the complainant and the defendant elected to do nothing towards a hearing in vacation.  So the precise question presented to us is: Did the chancery court err when complainant was denied the right to dismiss his bill "without prejudice?"  We do not believe that the order for a hearing in vacation affects the point which must control in this case.

It may be conceded, for argument's sake that defendant could have appeared before the chancellor in vacation and asked that the cause be dismissed for want of prosecution, and if he had done so, and had the chancellor seen fit to so decree, the decree would be *res adjudicata*.  The answer, however, to this supposititious right of defendant is that he failed to avail himself of it, and the order for a vacation decree then became *functus officio*.

It seems to be argued that the chancellor is vested with discretionary powers when he is called upon to consider an application of complainant to discontinue

his action.  We are unable to indorse this view of the law.  Section 802, Code 1906, gives to every plaintiff the absolute right "to suffer a nonsuit" if he elects to do so "before the jury retire to consider of its verdict." This section of the Code is found in chapter 20, Circuit Courts.  Section 687 of the same chapter reads thus:

"All things contained in this chapter, not restricted by their nature or by express provision to particular courts, shall be the rules of decision and proceeding in all courts whatsoever."

The right of a complainant to dismiss his bill without prejudice, to. discontinue his suit or to suffer a nonsuit, are "not restricted by their nature or by express provision to particular courts."

Under our Constitution the chancery court may entertain and give relief in lawsuits wherein no equitable principles are involved.  It would not be contended that a plaintiff in a lawsuit may not suffer a nonsuit, and we are unable to see why this statutory right could be denied by a chancellor, a judge of a chancery court, when a judge of a circuit court could not do the same thing.  In a chancery court juries are dispensed with, except in exceptional cases, but the chancellor has no more power or discretion for this reason than a circuit judge.  In fact, the word "discretion" is a much-abused word.

After a thorough examination of the authorities we are convinced that the rule supported by all of the authorities, or. at least by the great weight of authority, is to the effect that chancery or equity courts are controlled by a rule similar to our statutory rule.  The only limitation of the rule is applied to cases wherein the defendant has secured some right by the filing of the bill which would be. destroyed by the dismissal of the bill.  Even then it is not a matter of discretion with the chancellor, it is a right of the defendant which controls.  The discretion of the court may be exercised

when the time has passed for the plaintiff or complainant to dismiss as a matter of right; before that time there is no discretion.  It seems that the right to dismiss without prejudice did not exist in common-law courts; it originated in the courts of equity, and from our investigations it was a right to be denied only when the other party would be prejudiced.

In this state the right to suffer a nonsuit is fixed by the statute quoted above, and, in terms we think this statute is applicable to equity courts.  In equity courts the right ceases after the cause has been submitted to the chancellor; in law courts, after the case has been submitted to the jury.  Probably the statute was not needed in equity practice; the right to dismiss already existed, but to make sure, the legislature made it apply to all courts wherein it was already applicable, or in the language of section 687 the rule prescribed by section 802 "shall be the rules of decision and proceeding in all courts whatsoever."

This being our view of the law, the decree of the chancery court must be reversed, and a decree will be entered here dismissing the bill without prejudice.

*Reversed, and decree here.*

Stevens, J., took no part in this decision.