A. J. HIGGINS LUMBER AND EXPORT CO. *v.* PRICE.

[81 South. 787, Division B, No. 20653.]

DISCOVERY. *Failure to answer interrogatories. Dismissal.*

Where interrogatories were propounded to a non-resident party pursuant to Code 1906, section 1938, which were not fully answered, this did not justify the court in imposing the extreme penalty of dismissing the suit, where it did not appear that there was an intentional evasion.

APPEAL from the circuit court of Marrion county.
HON. A. E. WEATHERSBY, Judge.

Suit by A. J. Higgins Lumber and Export Company against F. V. B. Price. Suit dismissed, and plaintiff appeals.

The facts are fully stated in the opinion of the court.

*R. S. Hall,* for appellant.

*Rawls & Hathorn* and *Mounger & Ford,* for appellees.

Cook, P. J., delivered the opinion of the court.

Appellant was engaged in the business of purchasing lumber for resale. Upon the receipt of orders the appellant would go into the market and make contracts for the lumber at fixed prices, and with this in hand the company would fix prices to its customers.

In the instant case appellant had received an order for certain lumber at a fixed price, and he then made a contract with the appellee for this lumber at an agreed price. The declaration averred that appellee failed and refused to deliver the lumber according to his contract, and appellant was forced to go into the market and buy the lumber to comply with its contract.

This suit is for the difference between the price of the lumber as agreed upon between appellant and appellee and the amount appellant was forced to pay in the open market. When the case came on for trial appellee propounded certain interrogatories to the appellant under section 1938, Code of 1906, to which appellant filed its answers.

The defendant made a motion to dismiss plaintiff's suit upon the alleged grounds that plaintiff had not fully and completely answered the interrogatories. This motion was sustained.

We have carefully examined the interrogatories and the answers thereto, and have reached the conclusions that the alleged omissions and evasions of plaintiff were not of such a character as to authorize the extreme penalty imposed by the learned judge.

The statute is a very drastic one, and it seems to us that its enforcement was not authorized in this case.

It does appear, however, that plaintiff did not fully and completely answer interrogatories 12, 13, 14, and 15, but, taking the interrogatories and the answers as a whole, it does not appear that there was an intentional evasion.

The case will be reversed and remanded with leave to plaintiff to make specific answers to the interrogatories mentioned.

*Reversed and remanded.*