SMITHERS v. METROPOLITAN DISCOUNT CO.

[87 South. 284, No. 21417.]

DISCOVERY.   *Failure to fully answer interrogatories not ground for dismissal.*

Where interrogatories were propounded to a nonresident party pursuant to Code 1906, section 1938 (Hemingway's Code, section 1598), which were not fully answered, this does not justify the court in imposing the extreme penalty of dismissing the suit where it did not appear that there was an intentional evasion, and when there has been a substantial compliance with the provisions of the statute, if the party propounding the interrogatories is not satisfied with the disclosures made, exceptions to the answers may be filed, and, if the court is then of the opinion that the interrogatories have not been fully answered and that further answers are necessary or proper, it may require such additional answers to be made.

124 Miss—53.

APPEAL from circuit court of Tallahatchie county.

HON. E. D. DINKINS, Judge.

Suit by the Metropolitan Discount Company against J. B. Smithers. Judgment for plaintiff, and defendant appeals. Affirmed.

*Hays, Stingly & Whitten,* for appellant.

Of course section 1938 of the Code of 1906, is highly penal. The legislature so meant it. It can be only strictly construed against him who invites it. The first thing to be determined, therefore, is: Has the plaintiff answered the interrogatories propounded to it in so far as competent and material evidence was sought?

We submit in the first place, the plaintiff hasn't answered at all. It is true plaintiff files some answers made by one Frank Coffman, a self-styled witness for the defendant. There is a very manifest difference in what might be the answer of Frank Coffman, a witness for the defendant, and Frank Coffman, even secretary or president or general manager of the plaintiff's corporation.

If we are correct in this contention, the case ends here. Even the fact that the party interrogated was mistaken as to by whom the answers should be made would not avail the appellee. Harsh or otherwise, our legislature, and within its own peculiar province, has settled that and no doubt with due regard to the manifest fact that in no case will answering the questions propounded injure the party questioned unless these answers, as competent testimony, support the case of the opposing party. If competent, there was still the remedy at the trial which would keep it from the ear of the jury.

If we are in error in the foregoing, another question then arises, and that is: Granting that Mr. Coffman did authoritatively answer for the plaintiff, so that the plaintiff filed the answers, has the plaintiff answered so as to avoid the penalty of the statute? These interrogatories were patterned after those used in the *Cedar Rapids Na-*

*tional Bank* v. *Berry & Murry,* No. 14,486, 51 So. 601, and *Cedar Rapids, etc.,* v. *Rhodes,* No. 14,869, 53 So. 425. The interrogatories are in effect, the same. The court necessarily held that they were material and proper to be answered, in that the judgment of the lower court dismissing the suits for failure to answer, was affirmed.

The plaintiff, taking the answers as its answer, refused outright to answer several of the material interrogatories. For instance, interrogatory No. 3 calls for copies of plaintiff's record of its dealings with the party from whom it bought the alleged acceptance. See page 9 of the record. The witness says this question is incompetent. These very dealings would show knowledge on plaintiff's part of the character of business done by the party whose paper it was buying. This record would conclusively show whether or not plaintiff was an innocent purchaser for value before due date, and whether they had sufficient knowledge to take away from them the beneficent principle of law that an innocent purchaser shall not suffer. Yet the plaintiff refuses to answer. Shall it be allowed to escape the statute's penalty; not that, but more strongly, shall it be allowed to take one man's money to which it is not entitled by answering some of the questions it thinks are not injurious and refusing to answer others which might injure? The plaintiff in this case hasn't answered the interrogatories until it has answered them all. Answering a part will not avail.

*Ward & Ward,* for appellee.

In their brief, counsel for appellant say that plaintiff has not answered the interrogatories at all but that one Frank Coffman has answered, as self styled witness for plaintiff. We call the court's attention to the fact that plaintiff is a corporation and corporations can only answer by an officer of the corporation or some person employed by it who knows the facts. In answer to interrogatory No. 1, it is shown that Frank Coffman, the wit-

ness testifying, is the secretary and treasurer of plaintiff company and a director owning a majority of its capital stock. We think this fully answers that objection.

Should judgment by default have been rendered because the interrogatories were not fully answered in every respect? It is urged that interrogatories, 3, 4, 9, 11 and 16 have not been answered. A reading of the entire deposition will disclose that a substantial compliance with the requirements is made. We think the objections to interrogatory No. 3 is right.

We think the interrogatory covered too much ground and called for irrelevant matters. Certainly it would shed no light on this case to have copies of all records of all transactions with the National Novelty Import Company, copied running over a number of years and involving twenty-five per cent. of their entire business. We think no court would think this a reasonable requirement. But we insist that when all the answers are read that all the information that plaintiff had was given.

It is stated that the interrogatories in this case are patterned after those in the case of *Cedar Rapids Nat. Bank* v. *Berry,* 51 So. —, and *Same* v. *Rhodes,* 53 So. 435, but the court will observe the very different answers made in those cases to the ones in this case. In those cases, the plaintiff refused, rather arrogantly, to answer a number of questions showing a willful disregard of the rights of the defendants.

The last expression of this court on this question is the case of *Higgins Lumber & Export Co.* v. *Price,* 120 Miss. 123. We think the answers here show no intentional evasions.

W. H. COOK, J., delivered the opinion of the court.

Appellee, Metropolitan Discount Company, filed its suit against J. B. Smithers, defendant in the court below, upon certain trade acceptances, and from a judgment for appellee for the amount sued for, this appeal was prosecuted.

The declaration alleges that these bills of exchange were purchased by appellee from the National Novelty Import Company for a valuable consideration, in the due and regular course of business, before maturity, and without notice of any defense thereto. Appellant filed the plea of general issue, and gave notice thereunder that he would offer evidence to show that these bills of exchange were given for the purchase price of an assortment of jewelry which was to be shipped to defendant by the National Novelty Import Company; that he gave an agent an order for the jewelry, but countermanded the order on the same day the order was given for the reason that he was informed that the National Novelty Import Company was a fake jewelry concern and that the assortment of jewelry was not desirable; that the countermand was received by the National Novelty Import Company long before the jewelry was shipped; that, notwithstanding the countermand of the order, the jewelry assortment for which the said bills of exchange were given and accepted was shipped to appellant; that upon the arrival of the shipment appellant immediately returned the same by proper carrier; and that appellee was not a *bona-fide* holder of said paper for value before maturity.

Appellant afterwards propounded interrogatories to appellee under section 1938, Code of 1906 (Hemingway's Code, section 1598), and in response to such interrogatories appellee filed answers which were sworn to by one Frank Coffman, and thereafter appellant asked permission to be allowed to withdraw his plea of general issue, and filed a motion to dismiss the cause and for a final judgment against appellee, assigning as grounds for the motion the following:

"(1) The plaintiff is a nonresident and does not reside in the state of Mississippi, and interrogatories were propounded to it by the defendant under section 1938 of the Code of 1906.

"(2) The plaintiff's answers to the interrogatories No. 3, No. 4, No. 9, No. 11, and No. 16 are evasive and are not

responsive to the interrogatories propounded, and the plaintiff has failed to answer the interrogatories propounded to it by the defendant.

"(3)   The Metropolitan Discount Company, the plaintiff, has wholly failed to answer the interrogatories which were propounded to it by the defendant under section 1938 of the Code of 1906, but, in response to the interrogatories directed to the plaintiff, one Frank Coffman files answers for himself, and not for the plaintiff, and said answers are evasive and are not responsive to the interrogatories propounded; and the plaintiff has defaulted therein."

This motion for final judgment against appellee for failure to answer the interrogatories having been overruled, the cause proceeded to trial, and appellee offered in evidence the several acceptances and also the deposition filed in the cause, and when this deposition was offered in evidence appellant interposed an objection to its introduction on the grounds: First, that the interrogatories were not answered by defendant as is mandatorily required by the statute, but by one Frank Coffman individually; second, that defendant refused to answer interrogatories propounded to it, but evaded the interrogatories; and third, because defendant had not answered the interrogatories as is mandatorily required by section 1938, Code of 1906. This objection was overruled, and at the conclusion of the evidence offered by both parties a peremptory instruction to the jury to find for appellee for the amount sued for was granted.

The action of the court in overruling the motion to dismiss this cause on account of the alleged default of appellee in answering the interrogatories propounded to it is assigned as error and is chiefly relied upon for reversal.

The contention of appellant that since the answers filed in response to the interrogatories were made by one Frank Coffman, an individual, there were no answers by appellee, a corporation, is not well taken. The answer to the first interrogatory is that the appellee company is a corporation, and that the said Frank Coffman owns a majority

of the stock and is secretary and treasurer of the company. The corporation can only answer through its officers, and the secretary and treasurer of the company was a proper officer to answer the interrogatories on behalf of the corporation, and the failure to add the corporate title after the signature of the witness, and in the certificate of the notary public before whom the deposition was taken, does not make it any less a deposition on behalf of the corporation.

We have carefully and repeatedly examined the interrogatories and answers filed thereto, and we have reached the conclusion that there was a substantial compliance with the requirements of the statute, and that there were no such omissions or intentional evasions as would authorize the extreme penalty of a dismissal and final judgment without giving the plaintiff an opportunity to make more specific answers to the interrogatories.

It is earnestly insisted on behalf of appellant that a substantial compliance is insufficient, and that nothing less than an absolute compliance with the requirement of the statute will save a party from the immediate infliction of the drastic penalty, but we do not think this view is in accord with the former decisions of this court construing this statute. It may be conceded that the party propounding the interrogatories is entitled to more than a substantial compliance with the terms of the statute, yet, when there has been a substantial compliance with the terms of the statute, and the court is of the opinion that there has been no manifest or intentional evasion, this should save the party answering from the immediate imposition of the extreme penalty of the statute. When answers have been filed which are, in the opinion of the court, a substantial compliance with the terms of the statute, if the party propounding the interrogatories is not satisfied with the answers, he may file objections or exceptions to the answers, and, if the court shall be convinced that the answers or any of them are insufficient, and that further or additional answers should be made, it may require such additional

answers to be made upon such terms and within such limitations of time as shall be proper in each case.

We think the views herein expressed are in accord with the holdings of the former decisions of this court construing this statute.

In the case of *Givens* v. *Southern Express Co.,* 106 Miss. 834, 64 So. 737, the court says:

"While the statute may be remedial in one sense, the penalty imposed upon the defaulting party is radical, and we believe there should be a manifest violation of its terms before a court would be justified in inflicting the penalty. . . . A remedial statute carrying a drastic penalty should not be applied, unless it has been clearly violated."

In the very recent case of *Higgins Lumber & Export Co.* v. *Price,* 120 Miss. 123, 81 So. 787, the lower court dismissed the case on the grounds that plaintiff had not fully and completely answered the interrogatories propounded to it. On appeal the court expressly stated that the record disclosed that plaintiff had not fully answered certain interrogatories, but held that, since there was no manifest or intentional evasion, it was error to dismiss for that reason, and reversed and remanded the cause and granted plaintiff leave to make more specific answers, and in passing upon the question involved the court said:

"We have carefully examined the interrogatories and the answers thereto, and have reached the conclusion that the alleged omissions and evasions of plaintiff were not of such a character as to authorize the extreme penalty imposed by the learned judge.

"The statute is a very drastic one, and it seems to us that its enforcement was not authorized in this case; it does appear, however, that plaintiff did not fully and completely answer interrogatories 12, 13, 14, and 15, but, taking the interrogatories and the answers as a whole, it does not appear that there was an intentional evasion.

"The case will be reversed and remanded with leave to plaintiff to make specific answers to the interrogatories mentioned."

There is much said in the briefs of counsel for appellant about fake jewelry and the fraudulent character of the business conducted by the National Novelty Import Company, and, while much might be supplied by resort to imagination, yet fraud has not been pleaded by appellant, and there is no evidence in the record which fairly tends to show the quality of the particular goods purchased and shipped, or the nature and character of business conducted by the seller, or that appellee was not a holder of the paper in due course, and we conclude that the action of the court in granting the peremptory instruction for appellee was correct, and the same is therefore affirmed.

*Affirmed.*