DABNEY FOUNDATION, INC. *v.* PERRY, EXECUTOR.

No. 39597         April 4, 1955         79 So. 2d 445

*Dabney & Dabney*, Vicksburg, for appellant.

*James D. Thames*, Vicksburg, for appellee.

Lee, J.

The Dabney Foundation, Inc., filed its bill of complaint against J. Rigby Perry, Executor of the Last Will and Testament of Mrs. M. E. Perry, deceased. In effect it was charged that the parties hereto are the owners of certain adjacent lands, as therein described; that complainant's land is south of the defendant's property and that the parties have a common boundary line between them for a distance of 67½ feet; that many years ago the defendant placed a supporting wall at or near this boundary line, and thereafter added a number of steel rails on the south side as supports; that some of such rails fit snugly against the wall, but that others were based on the ground two or three feet from the wall, and some of them rest on complainant's property; that about December 1, 1948, complainant's predecessor in title complained to the defendant of the then dangerous condition of the wall, but that the defendant declined to repair it; that finally about March 10, 1949, the defendant, without the knowledge or consent of the complainant or its predecessor in title, unlawfully went upon the land, jacked up the wall, and placed five large concrete pilasters against the wall; that such pilasters occupy much more space on complaint's land than that which had been acquired as an easement from the use of the rails; that protest was made, together with the demand that the defendant remove the pilasters, but that he had refused to do so, and continues to maintain them; that such pilasters are an encroachment on complainant's property and they also hinder complainant's ingress and egress to a lot, which extends along the north side of its strip of land; and that, if complainant should attempt to remove the pilasters, a part of the wall would likely fall

and cause damage to its property. The prayer of the bill was for a mandatory injunction to require the defendant to remove these obstructions which he placed on the complainant's land.

The demurrer of the defendant set up that there was no equity on the face of the bill; that the court had no jurisdiction; that complainant had a plain adequate and complete remedy at law; and that the complainant was estopped by its act from asserting that it had no adequate remedy at law, because it had, in fact, instituted its suit in the Circuit Court of Warren County, and then, before submission to the jury, had taken a voluntary nonsuit.

The demurrer was sustained and the cause was dismissed. From the decree entered, the complainant appealed.

It is elemental that a demurrer admits the truthfulness of all material allegations well pleaded.

The bill conceded that the defendant had acquired an easement over the property where the steel rails had been placed and driven, but it alleged that the pilasters cover more area and additional property to that which serves as a base for the steel rails; and that such pilasters were placed on complainant's land without its knowledge or consent. These allegations were effective to charge that the pilasters in question constitute a trespassing structure erected by the defendant on complainant's land; and, for the purpose of this hearing, they must be taken as true.

In Turner v. Morris, et al., 196 Miss. 297, 17 So. 2d 205, directly in point, this Court said: "The general rule is that a landowner is entitled to an injunction directing the removal of a trespassing structure on his land erected thereon by the owner of adjoining land." See also Gano v. Strickland, 211 Miss. 511, 52 So. 2d 11, which held that the chancery court should have granted

the injunctive relief, as prayed for, namely to require the removal of the fence from the long established driveway.

Of course the complainant had the right to take a voluntary nonsuit in the circuit court. Section 1538, Code 1942. So far as the merits are concerned, the parties were returned to the same position as if the suit had not been instituted. Wells v. Bullock, 192 Miss. 347, 5 So. 2d 686; Lucedale Commercial Co. v. Strength, 163 Miss. 346, 141 So. 769.

It is obvious that complainant does not wish, and should not be required, to assume the hazard which may inhere in an attempt to remove the pilasters from its land.

The demurrer should have been overruled. Consequently the cause is reversed and remanded.

Reversed and remanded.

*McGehee, C. J.*, and *Holmes, Arrington* and *Ethridge, JJ.*, concur.