WILLIAMS, et al. *v.* WHITFIELD

No. 43016          May 4, 1964          163 So. 2d 688

*Shannon Clark,* Waynesboro; *Welch, Gibbes & Graves,* Laurel, for appellants.

*Stanford Young,* Waynesboro, for appellee.

KYLE, P. J.

This case is before us on appeal by Lionel (Lonnell) Williams, Hess Oil and Chemical Company and Trans-State Oil Company, defendants in the court below, from a final order of the Circuit Court of Wayne County, sustaining the motion of T. Wallace Whitfield, plaintiff in the court below, for a voluntary nonsuit, and dismissing without prejudice the plaintiff's declaration in tort against the defendants, seeking to recover actual and punitive damages for personal injuries and prop-

erty damages alleged to have been sustained by the plaintiff as a result of an automobile accident alleged to have been caused by the negligence of the individual defendant, Lionel Williams, and his employers.

The record shows that the plaintiff's declaration was filed on December 5, 1962, and that process was duly issued and served on the defendants immediately, returnable to the January 1963 term of the court. The defendants filed their answer sometime prior to the return date, and in their answer denied all carelessness and negligence on their part.

The defendants also incorporated in their answer certain affirmative defenses, including contributory negligence and the doctrine of sudden emergency. The defendant Trans-State Oil Company also filed a counterclaim for property damage to its truck in the amount of $263.79.

On January 4, 1963, the defendants' attorneys, desiring to have the plaintiff's answer to certain interrogatories, prepared and mailed to the plaintiff's attorney a typewritten copy of the interrogatories addressed to the plaintiff with notice of the filing of same. The general docket of the circuit court showed that the original copy of the interrogatories, which had been mailed directly to the circuit clerk, were received and filed in the office of the clerk on January 7, 1963. The plaintiff's attorney did not request a trial of the case at the January 1963 term of the court, and the case was continued until the next term of the court, which convened on July 8, 1963. The plaintiff's attorney failed to have the plaintiff answer the interrogatories or move to suppress the interrogatories. When the docket for the July term was set on July 1, 1963, the plaintiff's attorney had the case set for trial on the first Wednesday of the July term of the court, and when the case was called on that date the plaintiff's attorney announced that he was ready for trial. The court then permitted the parties and at-

torneys to leave the courthouse to return at 9:00 A.M. on Thursday, July 11, 1963. At that time, the defendants filed a motion to dismiss the plaintiff's declaration pursuant to § 1712, Miss. Code of 1942, Rec., on the ground that the plaintiff had failed to answer the above mentioned interrogatories within thirty days after January 7, 1963.

A hearing was had on the defendants' motion to dismiss the plaintiff's declaration pursuant to the above mentioned code section. The plaintiff's attorney was called to testify as an adverse witness on the hearing of the motion. The plaintiff's attorney admitted that he had received a copy of the interrogatories from the defendants' attorneys and had acknowledged receipt thereof at the January 1963 term of the court. He admitted that he did not answer the interrogatories within thirty days of the date of the filing of the interrogatories, and that he had not answered the interrogatories at the date of the hearing on July 11, 1963. The explanation which he gave for the failure to answer the interrogatories was that, although he had received a copy of the interrogation from the defendants' attorneys, he did not realize that the interrogatories had been filed. He stated that he felt that it would be unjust to his client, in view of the facts stated, to punish his client by dismissing his case with prejudice, as requested by the defendants in their motion.

The trial judge stated that he did not think that the court should penalize the plaintiff by dismissing the case, when he was told by the lawyer that he had overlooked the filing of an answer to the interrogatories. The trial judge then announced that he would overrule the defendants' motion to dismiss the plaintiff's declaration, but he would not require the defendants to be put on the burden that a continuance might cause; that the defendants were present with their witnesses and were ready to go to trial; and he would require the

plaintiff to go ahead with the trial, unless the defendants' attorneys were unwilling to try the case at that term of the court, or he would continue the case and require the plaintiff to answer the interrogatories promptly, if the defendants so desired. The plaintiff's attorney thereupon moved the court for a voluntary nonsuit. The trial judge stated that the plaintiff's motion for a voluntary nonsuit would be sustained, and the case would be dismissed without prejudice at the cost of the plaintiff.

At the conclusion of the hearing, the trial judge overruled the defendants' motion to dismiss the plaintiff's declaration with prejudice, and sustained the plaintiff's motion for a voluntary nonsuit. The court also sustained a motion filed by the defendant Trans-State Oil Company for dismissal of its counterclaim. On July 15 the defendants filed a motion for a rehearing on their motion to dismiss the plaintiff's declaration with prejudice. The rehearing was granted; the court heard arguments, and a final order was entered ratifying and confirming the court's previous order of July 11, 1963, dismissing the plaintiff's declaration without prejudice.

From that order the defendants have prosecuted this appeal.

The appellants' attorneys have assigned and argued only one point as ground for reversal of the judgment of the lower court, and that is, that the court erred in overruling the defendants' motion to dismiss the declaration of the plaintiff with prejudice, pursuant to § 1712, Miss. Code of 1942, Annotated as amended, and in permitting the plaintiff to take a voluntary nonsuit.

We think there was no error in the action of the trial judge in permitting the plaintiff to take a voluntary nonsuit, and in overruling the defendants' motion to dismiss the plaintiff's declaration with prejudice.

Section 1538, Code of 1942, Rec., provides as follows: "Every plaintiff desiring to suffer a nonsuit or trial

shall be barred therefrom unless he do so before the jury retire to consider of its verdict.''

This Court has held in numerous cases that the above mentioned code section authorizes a plaintiff to suffer a nonsuit at any time before the jury retires to consider of its verdict. See Adams v. Lucedale Commercial Co., 113 Miss. 608, 74 So. 435; Payne v. Stevens, 125 Miss. 582, 88 So. 165 (writ of certiorari dismissed in 257 U.S. 642, 66 L. Ed. 412, 42 S. Ct. 52, and writ of error dismissed in 260 U.S. 705, 67 L. Ed. 473, 43 S. Ct. 165); Keith v. Yazoo & M. V. R. Co., 164 Miss. 566, 145 So. 227; Welch v. Kroger Grocery Co., 180 Miss. 89, 177 So. 41; Dabney Foundation, Inc., v. Perry, Executor, 223 Miss. 721, 79 So. 2d 445.

In the case of Keith v. Yazoo & M. V. R. Co., supra, the Court said: ''It is not required when a plaintiff takes a nonsuit that he shall show, in order to obtain the nonsuit, that he has a meritorious cause of action which he can and will adequately state in a new declaration. For all the court may know or may be required to know, the nonsuit is for the purpose of abandoning the action or suit altogether. Often a nonsuit is taken for the purpose of making a more thorough study of the facts in the light of developments since the action was begun, and even sometimes it is to enable plaintiff to make a more comprehensive study of the applicable law. But whatever the reason for the nonsuit, the plaintiff has a right to take that step at any time before the jury retires to consider of its verdict, Section 594, Code 1930, or before the court has finally instructed the jury to return a verdict for the defendant, Schaffer v. Deemer Mfg. Co., 108 Miss. 257, 66 So. 736. A nonsuit may be taken even after the trial judge has announced that he will give a peremptory instruction so long as the action announced has not been finally taken.''

The appellants' motion to dismiss the appellee's declaration with prejudice is based upon § 1712, Code of

1942, Rec., which provides as follows: "If the testimony of a party to the suit be desired by the adverse party, interrogatories to him may be filed in the clerk's office, and a copy thereof, with notice of filing, shall be given the party, or his attorney or solicitor; and if he fail to answer such interrogatories within thirty (30) days after service thereof, or within such further time as the court, for good cause shown, may allow, his plea shall be dismissed, if he be plaintiff or complainant, and if he be defendant his plea or answer may be taken off the file and judgment by default entered, or the bill will be taken as confessed."

The appellants' attorneys contend that the provisions of the above mentioned statute are mandatory, and that the trial court erred in overruling their motion for dismissal of the plaintiff's declaration with prejudice; and the appellants' attorneys cite in support of their contention the case of Cedar Ripids National Bank v. Berry & Murray, 98 Miss. 123, 53 So. 393. But the decision of the court in the Cedar Rapids National Bank case in our opinion is not controlling here. That case was decided under authority of Section 1938, Miss. Code of 1906, which was brought forward as Section 1551, Code of 1930, and as Section 1712, Code of 1942, Annotated. But the section was amended by Chapter 237, Laws of 1956, and two changes were made in the statute by that amendment, as follows: (1) The statute was made applicable to the testimony of any party to the suit whose testimony was desired, whether such party resides out of the state or within the state; and (2) the time within which the party shall answer such interrogatories was definitely stated as follows: *"within thirty (30) days after service thereof, or within such further time as the court, for good cause shown, may allow."* The words which we have quoted did not appear in the statute prior to the enactment of the above mentioned amendment. The amendment in our opinion

clearly indicates an intention on the part of. the Legislature to vest in the trial judge discretionary power to extend the time for filing such answer, "for good cause shown," so as to avoid the harshness of the penalty provisions of the statute in those cases where there is no evidence of a willful intention to evade answering the interrogatories.

In discussing the inherent power of the court to impose a sanction of dismissal or nonsuit against a party disobeying its orders, or failing to comply with the provisions of a statute such as we have in this case, the textwriter in 27 C.J.S., 407, Dismissal & Nonsuit, §59, says: "A statute providing for a nonsuit has been held not to be mandatory. It has been stated that the dismissal of a party's cause of action is drastic punishment, and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard of the authority of the court."

In the case of Higgins Lumber and Export Co. v. Price (1919), 120 Miss. 123, 81 So. 787, the Court held that where interrogatories were propounded to a nonresident party pursuant to Code 1906, Section 1938, which were not fully answered, this did not justify the court in imposing the extreme penalty of dismissing the suit, where it did not appear that there was an intentional evasion. The Court in its opinion in that case said: "The statute is a very drastic one, and it seems to us that its enforcement was not authorized in this case. It does appear, however, that plaintiff did not fully and completely answer interrogatories 12, 13, 14 and 15, but, taking the interrogatories and the answers as a whole, it does not appear that there was an intentional evasion."

In the case of Smithers v. Metropolitan Discount Company (1921), 124 Miss. 833, 87 So. 284, the Court held that, where interrogatories were propounded to a nonresident party pursuant to Code 1906, Section 1938

(Hemingway's Code, Section 1958), which were not fully answered, this did not justify the court in imposing the extreme penalty of dismissing the suit where it did not appear that there was an intentional evasion; that when there has been a substantial compliance with the provisions of the statute, if the party propounding the interrogatories is not satisfied with the disclosures made, exceptions to the answers may be filed, and, if the court is then of the opinion that the interrogatories have not been fully answered and that further answers are necessary or proper, it may require such additional answers to be made.

In the comparatively recent case of Keathley v. Hancock (1951), 212 Miss. 1, 53 So. 2d 29, the Court held that Code Section 1712, in its unamended form, was highly penal and should be construed strictly to prevent the penalty therein provided from being imposed.

██ ■ As stated above, the dismissal of a party's cause of action is drastic punishment, and should not be invoked except in those cases where the course of conduct of such party had been so deliberately careless as to call for drastic action. ██ ■ It seems clear to us that the appellee's failure to answer the interrogatories under the circumstances disclosed by the record in this case did not constitute such negligence as to warrant the punishment which the appellants sought to have the court inflict. There is no proof in the record of an intentional evasion by the appellee of the provisions of the statute or a willful refusal by the appellee to answer the interrogatories. On the contrary the record shows that the failure of the appellee to answer the interrogatories within the time prescribed by the statute was due entirely to the negligence or oversight of his attorney. The appellants filed no motion to require that an answer to the interrogatories be filed. The rights of the appellants were in no way prejudiced by the failure of the appellee to answer the interrogatories

promptly. The appellants were not forced into a trial of the case without the benefit of the information sought to be obtained from answers to the interrogatories. The trial judge, in the exercise of a sound discretion, under the facts disclosed by the record, had a right to allow the appellee further time for the filing of an answer to the interrogatories.

As stated by the New Jersey Court in Allegro v. Afton Village Corporation (1952), 9 N.J. 156, 87 A. 2d 430, "courts exist for the sole purpose of rendering justice between parties according to law. While the expedition of business and the full utilization of their time is highly to be desired, the duty of administering justice in each individual case must not be lost sight of as their paramount objective."

The appellee, as stated above, had a right to take a voluntary nonsuit. Code Section 1538. So far as the merits are concerned, the parties were returned to the same position as if the suit had not been instituted. Lucedale Commercial Co. v. Strength, 163 Miss. 346, 141 So. 769; Wells v. Bullock, 192 Miss. 347, 5 So. 2d 686; Dabney Foundation, Inc., v. Perry, Exec., 223 Miss. 721, 79 So. 2d 445.

For the reasons stated above the judgment of the lower court is affirmed.

Affirmed.

*Gillespie, McElroy, Rodgers and Patterson, JJ.,* concur.