JONES, Justice:
On April 28, 1964, the appellant filed suit against the appellee in the Chancery Court of Rankin County. Process was returnable to the May Rules. On June 8 a special demurrer to the complaint was filed. The appellant gave notice that the demurrer would be argued in vacation on July 21. On July 24 the appellant consented to the appellee’s being given until August 19 to file a brief on the demurrer or to file other pleadings. A brief in support of the demurrer was filed August 19. A decree overruling the demurrer was entered on October 2, and the appellee was allowed sixty days to file his answer. The appel-lee was two days late in filing his answer, which included a cross-bill. No objection was made as to the delay.
A copy of interrogatories to the appellant was mailed to the appellant’s counsel January 18, 1965, and they were filed on January 21, 1965, nearly a year after the suit was filed. In the letter accompanying the interrogatories, the appellee’s counsel stated that he had not had an opportunity to go to Brandon to examine further some records which were pertinent to the suit and that he would need to amend the cross-bill.
*837 The amendment to the cross-bill was filed on January 27, 1965, and the appellant’s answer to the cross-bill was filed February 4, 1965. On February 22, the appellee filed a motion to dismiss under section 1712 Mississippi Code 1942 Annotated (1956), which provides that on failure of the complainant to answer interrogatories of the defendant within thirty days, or such further time as the court may allow, the bill shall be dismissed. Answers to the interrogatories together with a motion to suppress were filed February 25, 1965. It was not until March 9, 1967 (nearly three years after the suit was filed and two years after the answers to the interrogatories were filed), that the motion to dismiss was sustained, from which order this appeal was taken. The case could have been tried more than once in this interval.
Section 1712 is not mandatory, but the chancellor is vested with discretionary power to extend the time for filing answers. Williams v. Whitfield, 249 Miss. 634, 643, 163 So.2d 688 (1964).
The statute is intended to promote the administration of justice and to reduce expense. It is not for the purpose of hindering or defeating the administration of justice. Morrison v. Guaranty Mortgage & Trust Co., 191 Miss. 207, 199 So. 110 (1941).
There was no claim of prejudice or injury to the appellee by reason of the delay, if there was any delay (the issues were not completely joined until a few days before the filing of the answers). There was no attempt to force the appellee to trial without the information requested. The motion to dismiss gave no reason for dismissal except the alleged delay in answering. Counsel had been agreeing with each other as to matters of procedure. Counsel for the appellant had waived his right to complain of delays by the appellee.
Dismissal is drastic punishment and should not be invoked except where the conduct of the party has been so deliberately careless as to call for drastic action. Williams v. Whitfield, supra.
In view of the course of conduct between the attorneys, the fact that there is no evidence of such deliberate carelessness as to require drastic action, the fact that there is no evidence of prejudice or harm done appellee, and the fact that justice could have been administered on the facts with no long delay compel us to hold that there was an abuse of discretion when the case was dismissed with prejudice. We reverse and remand this case so that a trial on the facts may be had.
Reversed and remanded.
GILLESPIE, P. J., and RODGERS, PATTERSON, INZER, and ROBERTSON, JJ., concur.