IRVING, J.,
for the Court.
¶ 1. Henry Peters filed a civil complaint against the Commissioner of the Mississippi Department of Corrections, alleging that Peters’s ‘fifteen percent earned time allowance should not be spent on earned release supervision (ERS). The court below dismissed the complaint for failure to state a claim upon which relief may be granted. Aggrieved, Peters appeals and asserts sixteen issues, all of which can be dispensed with by answering the following question: should the fifteen percent earned time reduce Peters’s sentence and allow him to “flat-time” after serving eighty-five percent of his sentence, without ERS?
¶ 2. Finding no grounds for relief, we affirm.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 3. Under Mississippi law, an inmate sentenced after June 30, 1995, is entitled to receive “an earned time allowance of four and one-half (4½) days for each thirty (30) days served” up to fifteen percent “of [the] inmate’s term of sentence” if he has “complied with the good conduct and performance requirements of the earned time allowance program.” Miss.Code Ann. § 47-5-138(5) (Rev.2004). After serving at least eighty-five percent of his sentence in prison, an inmate who is released early “shall be placed under earned-release supervision until the expiration of the term of sentence.” Miss.Code Ann. § 47-5-138(6) (Rev.2004). If the ERS is revoked, *1065 “the inmate shall serve the remainder of the sentence and the time the inmate was on earned-release supervision, shall not be applied to and shall not reduce his sentence.” Miss.Code Ann. § 47-5-138(7) (Rev.2004). In other words, the fifteen percent earned time operates to reduce the amount of time that an inmate must spend in prison.

Order of dismissal

¶ 4. Peters argues that his complaint should not have been dismissed, because: “[dismissal is drastic punishment and should not be invoked except where the conduct of the party has been so deliberately careless as to call for drastic action.” Peoples Bank v. D’Lo Royalties, Inc., 206 So.2d 836, 837 (Miss.1968) (citing Williams v. Whitfield, 249 Miss. 634, 643, 163 So.2d 688, (1964)). However, we find that the court below did not err in dismissing Peters’s claim, because Mississippi law clearly provides no relief to Peters. Therefore, the court was correct in finding that Peters had failed to state a claim upon which relief could be granted, and dismissal of his claim was proper.

The fifteen percent earned time allowance and post-release supervision

¶ 5. We find all of Peters’s arguments on this point to be controlled by the Mississippi Code, which clearly states that, after serving at least eighty-five percent of his sentence, an inmate who is released early will be put on ERS. However, to provide clarification, we briefly discuss several of Peters’s specific arguments.
¶ 6. Peters’s primary argument is that the fifteen percent earned time operates to reduce an inmate’s sentence, and ERS is part of a “sentence,” which, therefore, cannot be imposed after a reduction of sentence. MDOC Policy 15-01 appears to be the source of much of Peters’s confusion. The policy states that the definition of “earned time” is “a reduction in sentence.... ” We agree that this language misleads by referring to a “reduction in sentence,” which is not what the fifteen percent earned time allows. However, internal MDOC policy cannot trump Mississippi statutory law, and the controlling statutes are clear: “For any sentence ... an inmate may receive an earned time allowance ... [which] shall not exceed fifteen percent of an inmate’s term of sentence,” and any inmate who is released early “shall be placed under earned-release supervision until the expiration of the term of sentence.” Miss.Code Ann. § 47-5-138(5) (Rev.2004); Miss.Code Ann. § 47-5-138(6) (Rev.2004). We also note that although the initial definition given in the MDOC policy is misleading, the policy goes on to clearly state that earned time can include the “Earned Release Supervision Program.”
¶ 7. Peters also argues that because the same words are used in subsections (1) and (5) of section 47-5-138 of the Mississippi Code of 1972, as annotated and amended, “they both hold the same meaning or definition, i.e. a reduction in sentence. The only difference between the two subsections is the percentage of reduction in sentence allowed and the date they took effect.” However, Peters’s interpretation of the meaning of the two subsections is defeated by the very language of subsection (1), which states that “[t]his subsection does not apply to any sentence imposed after June 30,1995.” Since Peters’s sentence was imposed after June 30, 1995, subsection (1) does not apply to his sentence or the earned time which he may receive. Instead, the meaning of earned time that applies to him is controlled by subsection (5).
¶ 8. Peters contends that subsection (6), which imposes mandatory ERS, does not apply directly to the earned time in subsection (5), and that subsection (6) instead *1066 is a “gap fill” procedure. We find this to be a strained interpretation of the statute. Subsection (6) clearly states that any inmate who is released before the termination of his sentence “shall be placed under earned-release supervision until the expiration of the term of sentence.” This subsection is clearly meant to include inmates who are released early under subsection (5) for earned time. In other words, subsection (6) dictates what happens to an inmate who is released early, and subsection (5) makes it clear that inmates are not to be released until they serve at least eighty-five percent of their sentence.
¶ 9. Peters argues that the earned time in subsection (5) must not be governed by subsection (6) because “the fifteen percent earned time allowance is the only earned time program that has been changed to supervised release and not calculated into the sentence to reduce it. Then if this is the case, trusty earned time, meritorious earned time, fifty percent earned time allowance and executive earned time ... are to be converted to parole or E.R.S. as well.” However, each of these sections is clearly not part of the ERS program.
¶ 10. The fifty percent earned time that Peters alludes to is provided for in subsection (1), which applies only to inmates who were sentenced prior to June 30, 1995. Since the ERS was added in 1995, it applies only to new inmates sentenced after June 30, 1995. The section of the code specifying earn time for trusties clearly states that inmates who qualify “may be awarded a trusty time allowance of thirty (30) days’ reduction of sentence. ...” Miss.Code ANN. § 47-5-138.1(1) (Rev.2004) (emphasis added). Therefore, trusty time works to reduce the actual sentence, by virtue of statutory language that is notably absent from the fifteen percent earned time allowed under section 47-5-138(5). The meritorious earned time provision also clearly refers to a “reduction of sentence.” Miss.Code Akn. § 47-5-142(4) (Rev.2004). Executive earned time is a reduction or release granted by the governor under Article 5, Section 124, of the Mississippi Constitution. As such, it is also not subject to the ERS program. Although all of these procedures are ways by which a prisoner may seek to reduce his sentence, only section 147-5-138(5) omits the “reduction of sentence” language that is present in the other remedies. Having found that those sections are distinguished from the fifteen percent earned time, we find no reason why the ERS program should not apply to Peters’s sentence.
¶ 11. Peters also makes several other claims for relief to this court, all predicated on the notion that the ERS program should not apply to him, and that his sentence should instead be reduced by fifteen percent. Finding that the ERS program properly applies to him, we deny all these claims.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.