KITCHENS, Justice,
Dissenting:
¶ 16. Because today’s decision makes a heretofore undrawn and ill-advised distinction between Rule 41(b) dismissals and further muddles an already confusing area *124 of our jurisprudence, I respectfully dissent.
¶ 17. One of the most important purposes of the Rules of Civil Procedure is the promotion of uniformity in the operation of our state’s trial courts. Miss. R. Civ. P., Order of Adoption. They often fall short of that goal, though, because they are complicated. The intricacies of cross-appeals, permissive joinders, and waived defenses, to mention a few of the complexities, often prove labyrinthine in real-life application for attorney and trial judge alike. In cases such as this one, we are presented with rare chances to provide clear, practical guidance for Bench and Bar through structured, coherent instructions. Today’s decision fails to capitalize on this opportunity.
¶ 18. Mississippi Rule of Civil Procedure 41(b) formalizes a trial court’s inherent power to govern its own docket, Cucos, Inc. v. McDaniel, 938 So.2d 238, 240 (Miss. 2006), by permitting a defendant to move for dismissal of any action or claim for failure of the plaintiff to prosecute the case. We will overturn a trial judge’s decision on such a motion only when we find an abuse of discretion. Id. We have long recognized the importance of adjudicating these cases in a manner that ensures uniformity of application. See Miss. R. Civ. P. 41 cmt. Above all else, our decisions consistently have reflected our longstanding position that dismissal for failure to prosecute “is a drastic punishment and should not be invoked except where the conduct of the party has been so deliberately careless as to call for drastic action.” Peoples Bank v. D’Lo Royalties, Inc., 206 So.2d 836, 837 (Miss.1968) (citing Williams v. Whitfield, 249 Miss. 634, 643, 163 So.2d 688 (1964)). This idea reflects our broader view that the Rules of Civil Procedure are not mere arbitrary, technical constructions but should be construed, whenever possible, in a manner that leads to a full adjudication on the merits. See Miss. R. Civ. P. 1, cmt. See also Smith v. Hunter, 736 So.2d 440, 445 (Miss.Ct.App. 1999).
¶ 19. To achieve this goal, we consistently have required that a trial court’s dismissal for failure to prosecute necessarily abuses its discretion when it does not first consider lesser sanctions. Miss. Dep’t of Human Servs. v. Guidry, 830 So.2d 628, 633 (Miss.2002). This consideration will not be presumed and therefore must be made on the record. Cox v. Cox, 976 So.2d 869, 876 n. 10 (Miss.2008). We require these steps for the very reason that the Rules of Civil Procedure were adopted nearly 30 years ago: to discourage dissimilar treatment of similar cases.
¶ 20. These are not our only considerations in determining whether a trial court properly dismissed a claim pursuant to Rule 41(b), see also, e.g., Guidry, 830 So.2d at 631-34, but they provide the sort of clear-cut, easy-to-follow guidelines that this Court should strive to promote when it considers questions of civil procedure. Because the trial judge in this case failed to make a record of lesser sanctions considered, if any, we should find the abuse of discretion necessary to reverse the dismissal.
¶ 21. Even if we were unconcerned with the development of helpful guidelines and wished only to revisit our precedent sufficiently to dispose of the case at bar, we still should reverse the trial court’s order. Our decisions make clear that dismissal for failure to prosecute is the nuclear option of litigation, a flashing red button to be pressed only when all other efforts to expedite final resolution of a lawsuit fail. See Peoples Bank, 206 So.2d at 837. In Cox, we affirmed a trial judge’s Rule 41(b) dismissal after no action was taken in the case for more than seven years, and we *125 still reviewed the record for additional aggravating factors, such as the plaintiffs personal responsibility for the delay, prejudice to the defendant, and intent to delay. Cox, 976 So.2d at 876-80. In a 2007 case, the Court of Appeals found no error in a Rule 41(b) dismissal where the record was virtually devoid of any activity before dismissal and where the delay was caused by the plaintiff himself. Tolliver ex rel. Wrongful Death Beneficiaries of Green v. Mladineo, 987 So.2d 989 (Miss.Ct.App. 2007). Our colleagues at the appeals court also affirmed a dismissal in 2007 in a case involving a four-year delay, a covey of service violations, and likely prejudice to the defendant. Hensarling v. Holly, 972 So.2d 716 (Miss.Ct.App.2007).
¶ 22. The common thread running through all these cases is that Rule 41(b) dismissal should not be employed as a first response, but only when all other attempts to move the case along have proven fruitless. The record in the instant case lacks any suggestion that the plaintiff is responsible for the delay or that the defendant has suffered any noticeable prejudice. The 19-month delay in this case certainly cannot be described as an expeditious pursuit of finality, but neither is it the sort of inexcusable neglect for which we have affirmed Rule 41(b) dismissals. But such a comparison necessitates arbitrary comparing and contrasting, a fact that further highlights the prudence of providing clear guidelines in a case such as this.
¶ 28. The majority finds these concerns unnecessary by distinguishing this case, which concerns a Rule 41(b) dismissal without prejudice, from a typical Rule 41(b) dismissal with prejudice. Our precedent occasionally notes that dismissal without prejudice is, at least in theory, a less extreme sanction than dismissal with prejudice. With respect to my colleagues in the majority, this does not justify today’s difference in treatment. The majority rightly points out that the great bulk of our cases on this subject, including Cox, involved dismissals with prejudice. See Maj. Op. at 12-13. But the reason for this is a simple one: that most Rule 41 dismissals are rendered with prejudice. See Miss. R. Civ. P. 41(b) (“Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.”). The plain text of Rule 41 does not imply that the two forms of dismissal receive different treatment, and before today, this Court has never inferred such an intent from Rule 41. Today’s majority opinion lacks citation to a single case in which we have found that consideration of lesser sanctions need not precede Rule 41 dismissal so long as the dismissal is rendered without prejudice. This omission speaks for itself. Today’s creation of such a distinction fails to account for the fact that a plaintiff runs no less a risk of arbitrary treatment when facing a dismissal without prejudice than when a judge levies a dismissal with prejudice.
¶ 24. Today’s distinction gives rise to other practical concerns, as well. The immediate case provides a poor example, because Hill filed his complaint only a month after his underlying cause of action occurred; but the multitude of cases in which we have considered statutes of limitations makes plain that many lawsuits are filed within mere days of the statute’s expiration. In cases more common than this, where only a day or two remains after the statute’s tolling, any dismissal at all can amount to a dismissal with prejudice, for all practical purposes. The majority’s distinction, therefore, is one without a practical difference.
¶ 25. When read together, our holdings in Guidry and Cox require an on-the-record consideration of lesser sanctions be *126 fore a trial court dismisses a case for failure to prosecute under Rule 41(b). As I read today’s opinion, that requirement is not disturbed for purposes of dismissals with prejudice. But neither our previous cases nor the plain text of Rule 41 distinguishes between dismissals with and without prejudice, and we too should decline to do so. We should continue to grant trial judges broad discretion in these matters; but as with all questions of civil procedure, we should avoid taking any action that increases the chances that our Rules of Civil Procedure, designed to promote uniformity, instead will be applied arbitrarily. Because today’s decision increases that risk, I respectfully dissent.
WALLER, C.J., AND GRAVES, P.J., JOIN THIS OPINION.