866 So.2d 489 (2004)
Christopher VOSBEIN, Appellant,
v.
W.E. BELLIAS, III, a/k/a W.E. Bellais, III, Appellee.
No. 2001-CA-01980-COA.
Court of Appeals of Mississippi.
February 24, 2004.
*490 Malcolm F. Jones, Pass Christian, attorney for appellant.
Adam Bradley Kilgore, Kevin Earl Gay, John B. MacNeill, Flowood, attorneys for appellee.
Before SOUTHWICK, P.J., THOMAS and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Christopher Vosbein appeals the dismissal with prejudice of his claim for personal injuries against W.E. Bellias, III. We find no error and affirm.

FACTS
¶ 2. On September 7, 1990, Vosbein and Bellias were involved in an automobile collision. Vosbein commenced a negligence action against Bellias on June 28, 1993. In 2001, the circuit judge entered a final appealable *491 order that dismissed Vosbein's claims for lack of prosecution.
¶ 3. Proper review of this matter requires an in-depth understanding of the pleadings filed and actions taken. The following is a chronology of the pleadings filed, hearings held and orders entered.
a. On July 29, 1993, Bellias served his answer and defenses along with written discovery requests. On September 13, 1993, Bellias sent Vosbein a good faith letter requesting a response to the discovery requests. On October 4, 1993, Bellias sent a second good faith letter requesting a response to the discovery requests.
b. On October 27, 1993, Bellias filed a motion to compel Vosbein's response to the discovery requests and for an extension of time to conduct discovery. An agreed order was entered granting the motion to compel and allowing an extension of time for discovery. Vosbein was to respond to the discovery on or before December 10, 1993.
c. On December 14, 1993, Bellias received Vosbein's response to interrogatories. On the same date Bellias deposed two individuals involved in the case, Grady J. Brown, and Robert C. Barnes.
d. On May 31, 1995, the circuit court clerk filed a motion to dismiss for want of prosecution, due to the inactivity in the file for the preceding twelve months. The clerk notified Vosbein that action must be taken in the case within thirty days or the case would be dismissed. On November 21, 1995, pursuant to the clerk's motion, the circuit court dismissed the case without prejudice for lack of prosecution.
e. On May 20, 1996, Vosbein filed a motion to set aside or vacate order of dismissal. On October 30, 1996, the circuit court vacated the order of dismissal, finding that Bellias's counsel orally requested the deputy clerk to withdraw the dismissal in late June of 1995. The court determined that Vosbein's attorney relied on the deputy clerk's assurance that the oral notification was sufficient. The court also found that a letter, dated October 31, 1995, confirming the substance of the conversation was misfiled.
f. Bellias filed a motion for certification for interlocutory appeal of the October 30, 1996, order. The circuit court denied the motion for certification for interlocutory appeal by order dated January 6, 1998.
g. On May 7, 1998, an agreed order of substitution of counsel for Bellias was entered.
h. On April 22, 1999, Bellias filed a motion to dismiss for want of prosecution pursuant to Mississippi Rules of Civil Procedure 41 and noticed a hearing, which was rescheduled for August 27, 1999.
i. On August 27, 1999, the parties met, but did not continue the hearing because the court reporter was unavailable. The judge instructed the parties to submit a time line of events, to provide trial dates, and if necessary reschedule a hearing on the motion to dismiss.
j. On September 13, 1999, Bellias submitted a chronology of events. No chronology of events from Vosbein appears in the record.
k. On October 26, 1999, the judge granted the motion to dismiss for want of prosecution and entered an order of dismissal with prejudice. The court found that ample time was given for the submission of *492 chronology of events and only the defendant complied with the court's request. The court determined that Vosbein's only actions were the filing of the complaint, the filing of the motion to vacate the order of dismissal for want of prosecution, obtaining an order vacating the dismissal, and defending the last motion to dismiss for want of prosecution. No other actions were taken by Vosbein in the more than six years since the complaint was filed.
l. On November 5, 1999, Vosbein filed a motion to reconsider the order to dismiss. Thereafter, Bellias sent three letters to the judge stating that Vosbein had not set the motion for hearing. Bellias' final letter asked for a ruling on the motion without a hearing.
m. On July 20, 2000, the circuit judge entered a final judgment denying Vosbein's motion to reconsider finding that Vosbein had "failed to call up his motion before this court," and in the interests of justice and finality of judgment, the court decided the motion sua sponte.
n. Vosbein filed yet another motion to reconsider alleging that the parties agreed, on June 26, 2000, for a hearing on September 1, 2000. Vosbein included an itemization of facts. On April 16, 2001, a hearing on the motion to reconsider was conducted.
o. On November 28, 2001, the judge entered an order holding that the final judgment, dated July 20, 2000, was entered under the mistaken belief by the court that Vosbein failed to call up the motion to reconsider. The judge found that Vosbein had set the motion for hearing prior to July 20, 2000. Nevertheless, the judge ruled that the motion to reconsider should be denied and the case should be dismissed with prejudice. The judge held that "the Court cannot ignore the law and the fact that this delay has prejudiced the defendant's ability to prepare a defense. The defendant has not contributed to the lengthy delay in this matter and to allow this case to continue would not serve the best interest of justice."
p. The circuit judge denied the motion to reconsider and/or relief from final judgment and ordered that the Court's orders dated October 26, 1999, and July 20, 2000, to remain in full effect.
¶ 4. On appeal, Vosbein argues that the trial court erred by (1) ruling on the April 22, 1999 motion to dismiss without granting a hearing on the record, pursuant to Mississippi Rule of Civil Procedure 78; (2) entering the order dated October 26, 1999, because there was no record of dilatory or contumacious conduct and the judge did not consider lesser sanctions; (3) denying the motion to reconsider the October 26, 1999 order; (4) failing to reconsider the July 20, 2000 final judgment and denying the motion to reconsider same; (5) and denying the motion to reconsider and entering the November 28, 2001 order. Since Vosbein's assignments of error concern matters that were prior to the final order appealed from, we limit our review to whether the circuit judge erred by entering the final order of dismissal with prejudice.

ANALYSIS
¶ 5. We may reverse the final judgment of dismissal for want of prosecution only if we find that the trial judge abused his discretion. Wallace v. Jones, 572 So.2d 371, 375 (Miss.1990). We first look to Rule 41(b) of the Mississippi Rules of Civil *493 Procedure, which provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." This rule, and its official comment, authorize the action taken here by the trial court. The comment, however, cautions that since this is a dismissal on the merits, with prejudice, then "past Mississippi practice has tempered this harsh result by allowing dismissed cases to be reinstituted, except in extreme situations."
¶ 6. The Mississippi Supreme Court has held that courts have the inherent authority to dismiss cases for lack of prosecution as "a means necessary to the orderly expedition of justice and the court's control of its own docket." Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986) (citation omitted). However, the supreme court held that:
The law favors trial of issues on the merits, and dismissals for want of prosecution are therefore employed reluctantly. There is no set time limit for the prosecution of an action once it has been filed, but where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld.
Id. at 1279 (citations omitted).[1]
¶ 7. Dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his or her claim and is reserved for the most egregious cases, usually where clear delay and ineffective lesser sanctions are present. Am. Tel. and Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 180-81(¶ 12) (Miss. 1998). Other factors have been identified as aggravating factors; these include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 557-58 (5th Cir.1981). To withstand appellate review, the sanction of a dismissal with prejudice "is reserved for the most egregious cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." Am. Tel. and Tel. Co., 720 So.2d at 180.
¶ 8. Here, the accident occurred eleven years before the final order of dismissal with prejudice was entered. The complaint was filed eight years before the final order. The same judge presided over the entire proceeding. The judge dismissed the case three times. Even after the case was reinstated, however, there was no activity for another fifteen months before the second motion to dismiss was granted. Vosbein then failed to prosecute the case after the second dismissal. Since the case was filed, Vosbein has taken virtually no positive action to prosecute his claim. We find that there was sufficient evidence to support the trial judge's finding of dilatory and contumacious conduct.
¶ 9. We next consider whether lesser sanctions may have better served the interests of justice. Hoffman v. Paracelsus Health Care Corp., 752 So.2d 1030, 1035(¶ 16) (Miss.1999). "Lesser sanctions include `fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'" Wallace, 572 So.2d at 377 *494 (citations omitted). Alternative sanctions were available here, and the record indicates that the trial judge considered and imposed such lesser sanctions before the final dismissal of Vosbein's claim with prejudice. Although the court reinstated the case after several orders of dismissal, Vosbein continued with his lack of effort to prosecute the case. Vosbein's failure to promptly act over such a lengthy period demonstrates that any further lesser sanctions would have been ineffective.
¶ 10. We also find aggravating factors present. The lengthy delay certainly would prejudice Bellias if this case proceeded to trial. The judge found that Bellias was not responsible for the delay, but the responsibility rests solely with Vosbein. In his first motion to set aside or vacate the order of dismissal, Vosbein acknowledged that he terminated his attorney and stated that he was in the process of retaining another attorney to prosecute the case. However, Vosbein failed to retain another attorney to prosecute the matter for the four years preceding the filing of the motion. He never requested additional time from the court to retain an attorney. We consider Vosbein's conduct as aggravating factors. Watson, 493 So.2d at 1279.
¶ 11. We find that the trial judge properly considered the legal standard for dismissal with prejudice under Rule 41(b) of the Mississippi Rules of Civil Procedure. The dismissal of this case with prejudice was not an abuse of discretion. Accordingly, we find no merit to the assignments of error and affirm.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
NOTES
[1] Since the Watson decision, the supreme court has indeed established time limitations on discovery, effective May 1, 1995. URCCC § 4.04(a).