# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00806-SCT

*GREGORY HILL*

*v.*

*DURENDA RAMSEY, DEVINEY EQUIPMENT COMPANY AND NEW HOLLAND NORTH AMERICA, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/04/2007 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | NOXUBEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BENNIE L. JONES, JR. |
| ATTORNEYS FOR APPELLEES: | EVERETT EAVES WHITE |
| | MARC E. BRAND |
| | JACK H. HAYES |
| | WALKER (BILL) JONES |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 02/26/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     In this negligence, defective-design and faulty product-inspection case, the question presented is whether the trial court abused its discretion when it dismissed the plaintiff's claims without prejudice, pursuant to Mississippi Rule of Civil Procedure 41(b).  Because we find ample evidence in the record to support the trial court's decision, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On April 18, 2000, Durenda Ramsey's vehicle rear-ended Gregory Hill while Hill was driving a 1989 Ford backhoe.  On May 18, 2000, Hill filed suit against Ramsey for the injuries he allegedly suffered as a result of the wreck.  On April 17, 2003, Hill amended his complaint to assert products-liability claims against New Holland North America, Inc. (f/k/a Ford Motor Co.), Deviney Equipment Company, and John Does 1-10.  New Holland answered the amended complaint on August 12, 2003.  Hill filed a motion for enlargement of time to serve Deviney Equipment,[1] and Deviney answered the amended complaint on September 4, 2003.

¶3.     New Holland served Hill with written discovery on October 9, 2003.  When Hill did not respond in a timely manner, New Holland filed a motion to compel on February 17, 2004.  Hill filed a motion for enlargement of time to respond to the discovery requests on March 4, 2004, and he served his response on March 22, 2004.[2]  An agreed order authorizing disclosure of Hill's protected health information was entered on August 23, 2004, and New Holland proceeded to serve several subpoenas on various health providers in September and October, 2004.

---

[1]The record does not indicate whether or not the motion was granted, but Deviney does not argue defective service of process.

[2]New Holland claims that, even after Hill finally responded to the discovery requests, he responded only to the interrogatories and not to the request for production of documents.

¶4.　No further action was taken in the case until April 27, 2005, when Deviney filed a motion for judgment on the pleadings. Hill filed three motions for enlargement of time to respond to Deviney's motion and finally answered on August 3, 2005. No other action of record was taken until March 1, 2007, when Ramsey's attorney filed a motion for status conference. New Holland followed with a motion to dismiss for failure to prosecute on March 22, 2007, stating that there had been no real activity in the case for almost four years. Hill responded to the motions, and the trial court heard oral argument on March 30, 2007. The trial court subsequently entered an order dismissing Hill's claims against New Holland and Deviney without prejudice on April 13, 2007.

¶5.　Hill argues on appeal that (1) the trial court erred in dismissing his case for lack of prosecution under Mississippi Rule of Civil Procedure 41(b), and (2) the trial court abused its discretion in dismissing his claims under the circumstances.

## DISCUSSION

¶6.　"Any court of law or equity may exercise the power to dismiss for want of prosecution. This power, inherent to the courts, is necessary as a means to 'the orderly expedition of justice' and 'the court's control of its own docket.'" *Cucos, Inc. v. McDaniel*, 938 So. 2d 238, 240 (Miss. 2006) (citations omitted). "It has been clear since the adoption of the Mississippi Rules of Civil Procedure that the granting of motions to dismiss is a matter within the discretion of the trial court." *Id.* (citations omitted). "There is no set time limit on the prosecution of an action once it has been filed, and dismissal for failure to prosecute will be upheld only 'where the record shows that a plaintiff has been guilty of dilatory or

3

contumacious conduct.'" ***AT&T v. Days Inn***, 720 So. 2d 178, 180 (Miss. 1998) (quoting ***Watson v. Lillard***, 493 So. 2d 1278, 1279 (Miss. 1986)). "This Court will not disturb a trial court's ruling on a dismissal for want of prosecution unless it finds an abuse of discretion." ***Cucos***, 930 So. 2d at 240 (citations omitted). *But see*, ***Ill. Cent. R.R. Co. v. Moore***, 2008 Miss. LEXIS 422 (Miss. Sept. 4, 2008) (holding that the trial judge abused his discretion when he failed to dismiss the action).

¶7. No abuse of discretion exists in this case as to the trial court's finding that Hill's conduct was dilatory. It is clear from the record that the only action taken by the plaintiff between filing the amended complaint and this appeal was reactionary. There is no evidence in the record that Hill ever noticed one deposition, served any discovery requests, issued a subpoena, or otherwise initiated discovery. Even if his actions taken in response could somehow be viewed as sufficient prosecution of his claim, it is undisputed that no action of record took place between August 2005 and March 2007, which is sufficient delay, standing alone, to warrant dismissal. The trial judge must "control [his] own docket" and strive for the "orderly expedition of justice," and therefore did not abuse his discretion when he dismissed the claims. *Id.* at 240.

¶8. Hill relies almost exclusively on ***Cucos, Inc. v. McDaniel***, 938 So. 2d 238 (Miss. 2006), to support his argument that the trial judge abused his discretion. However, Hill's reliance on ***Cucos*** is misplaced for two reasons. First, ***Cucos*** dealt with a motion to dismiss

4

under Mississippi Rule of Civil Procedure 41(d),[3] and not with a Rule 41(b)[4] motion. In *Cucos*, this Court upheld the trial court's decision to reinstate the plaintiff's dismissed claims after he successfully filed a locally acceptable "action of record" under Rule 41(d). *Id.* at 247. However, it is clear from the language of the Rules that no such "action of record" safeguard exists under Mississippi Rules Civil Proceedure Rule 41(b).

¶9.     Secondly, the underlying factual issues in *Cucos* are of no real importance. Rather, this Court found that the trial judge did not *abuse his discretion* in reinstating the claim. The same standard of review is applicable here, and it is clear from the record that the trial court did not abuse its discretion when it decided to dismiss Hill's claims. Thus, Hill's reliance on *Cucos* is misplaced, and offers no support for his position.[5]

¶10.    Hill argues in his reply brief that the trial judge's dismissal of his claims against New Holland and Deviney without prejudice was an extreme sanction, because the applicable statute of limitations had run at the time of dismissal. This issue is meritless. It is elementary

---

[3]Rule 41(d) states, in pertinent part: "In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution *unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case*." Miss. R. Civ. P. 41(d) (emphasis added).

[4]Rule 41(b) states, in pertinent part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." Miss. R. Civ. P. 41(b).

[5]The only other case cited by Hill in his initial brief is *Vosbein v. Bellias*, 866 So. 2d 489 (Miss. Ct. App. 2004), in which the Court of Appeals ultimately affirmed the trial court's dismissal of the action under Rule 41(b), *with prejudice. Id.* at 494.

that, unless process is not timely served, the statute of limitations is tolled upon the filing of the complaint, and does not begin to run again until litigation has ended.

¶11.    The dissent provides an excellent analysis of a case that is not before us today.  Had the trial judge dismissed this case with prejudice, we might agree with the dissent's logic.  However, the case before us today involves a dismissal without prejudice, which is hardly a "nuclear option."

¶12.    The dissent claims that "we have consistently required that a trial court's dismissal for failure to prosecute necessarily abuses its discretion when it does not first consider lesser sanctions."  However, all of the cases cited by the dissent involved dismissals *with* prejudice.  Indeed, the "common thread" running through all of the cases is not, as the dissent incorrectly perceives, that "Rule 41(b) dismissal should not be employed as a first response, but only when all other attempts to move the case along have proven fruitless"; rather, it is that all of the cases involved dismissals with prejudice.

¶13.    Moreover, *Cox v. Cox*, 976 So. 2d 869 (Miss. 2008), a case on which the dissent relies heavily, specifically states:  "This Court must consider whether lesser sanctions would better serve the interests of justice.  Lesser sanctions include . . . 'dismissal without prejudice. . . .'" *Id.* at 876.  Thus, the dissent's claim that this Court "consistently" has required trial judges to consider lesser sanctions on the record before dismissing a case without prejudice is incorrect, as *Cox* clearly states that dismissal without prejudice *is* a lesser sanction.

6

**CONCLUSION**

¶14. The trial court did not abuse its discretion in this case, as there is clear evidence of unreasonable delay by the plaintiff. We therefore affirm the decision of the Noxubee County Circuit Court.

¶15. **AFFIRMED**.

**CARLSON, P.J., RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND GRAVES, P.J..**

**KITCHENS, JUSTICE, DISSENTING:**

¶16. Because today's decision makes a heretofore undrawn and ill-advised distinction between Rule 41(b) dismissals and further muddles an already confusing area of our jurisprudence, I respectfully dissent.

¶17. One of the most important purposes of the Rules of Civil Procedure is the promotion of uniformity in the operation of our state's trial courts. Miss. R. Civ. P., Order of Adoption. They often fall short of that goal, though, because they are complicated. The intricacies of cross-appeals, permissive joinders, and waived defenses, to mention a few of the complexities, often prove labyrinthine in real-life application for attorney and trial judge alike. In cases such as this one, we are presented with rare chances to provide clear, practical guidance for Bench and Bar through structured, coherent instructions. Today's decision fails to capitalize on this opportunity.

¶18. Mississippi Rule of Civil Procedure 41(b) formalizes a trial court's inherent power to govern its own docket, *Cucos, Inc. v. McDaniel*, 938 So. 2d 238, 240 (Miss. 2006), by

7

permitting a defendant to move for dismissal of any action or claim for failure of the plaintiff to prosecute the case. We will overturn a trial judge's decision on such a motion only when we find an abuse of discretion. *Id.* We have long recognized the importance of adjudicating these cases in a manner that ensures uniformity of application. *See* Miss. R. Civ. P. 41 cmt. Above all else, our decisions consistently have reflected our longstanding position that dismissal for failure to prosecute "is a drastic punishment and should not be invoked except where the conduct of the party has been so deliberately careless as to call for drastic action." *Peoples Bank v. D'Lo Royalties, Inc.*, 206 So. 2d 836, 837 (Miss. 1968) (citing *Williams v. Whitfield*, 249 Miss. 634, 643, 163 So. 2d 688 (1964)). This idea reflects our broader view that the Rules of Civil Procedure are not mere arbitrary, technical constructions but should be construed, whenever possible, in a manner that leads to a full adjudication on the merits. *See* Miss. R. Civ. P. 1, cmt. *See also* *Smith v. Hunter*, 736 So. 2d 440, 445 (Miss. Ct. App. 1999).

¶19.    To achieve this goal, we consistently have required that a trial court's dismissal for failure to prosecute necessarily abuses its discretion when it does not first consider lesser sanctions. *Miss. Dep't of Human Servs. v. Guidry*, 830 So. 2d 628, 633 (Miss. 2002). This consideration will not be presumed and therefore must be made on the record. *Cox v. Cox*, 976 So. 2d 869, 876 n.10 (Miss. 2008). We require these steps for the very reason that the Rules of Civil Procedure were adopted nearly 30 years ago: to discourage dissimilar treatment of similar cases.

¶20.    These are not our only considerations in determining whether a trial court properly

8

dismissed a claim pursuant to Rule 41(b), *see also, e.g.*, ***Guidry***, 830 So. 2d at 631-34, but they provide the sort of clear-cut, easy-to-follow guidelines that this Court should strive to promote when it considers questions of civil procedure. Because the trial judge in this case failed to make a record of lesser sanctions considered, if any, we should find the abuse of discretion necessary to reverse the dismissal.

¶21.    Even if we were unconcerned with the development of helpful guidelines and wished only to revisit our precedent sufficiently to dispose of the case at bar, we still should reverse the trial court's order. Our decisions make clear that dismissal for failure to prosecute is the nuclear option of litigation, a flashing red button to be pressed only when all other efforts to expedite final resolution of a lawsuit fail. *See* ***Peoples Bank***, 206 So. 2d at 837. In ***Cox***, we affirmed a trial judge's Rule 41(b) dismissal after no action was taken in the case for more than seven years, and we still reviewed the record for additional aggravating factors, such as the plaintiff's personal responsibility for the delay, prejudice to the defendant, and intent to delay. ***Cox***, 976 So. 2d at 876-80. In a 2007 case, the Court of Appeals found no error in a Rule 41(b) dismissal where the record was virtually devoid of any activity before dismissal and where the delay was caused by the plaintiff himself. ***Tolliver ex rel. Wrongful Death Beneficiaries of Green v. Mladineo***, 987 So. 2d 989 (Miss. Ct. App. 2007). Our colleagues at the appeals court also affirmed a dismissal in 2007 in a case involving a four-year delay, a covey of service violations, and likely prejudice to the defendant. ***Hensarling v. Holly***, 972 So. 2d 716 (Miss. Ct. App. 2007).

¶22.    The common thread running through all these cases is that Rule 41(b) dismissal

9

should not be employed as a first response, but only when all other attempts to move the case along have proven fruitless. The record in the instant case lacks any suggestion that the plaintiff is responsible for the delay or that the defendant has suffered any noticeable prejudice. The 19-month delay in this case certainly cannot be described as an expeditious pursuit of finality, but neither is it the sort of inexcusable neglect for which we have affirmed Rule 41(b) dismissals. But such a comparison necessitates arbitrary comparing and contrasting, a fact that further highlights the prudence of providing clear guidelines in a case such as this.

¶23.    The majority finds these concerns unnecessary by distinguishing this case, which concerns a Rule 41(b) dismissal without prejudice, from a typical Rule 41(b) dismissal with prejudice. Our precedent occasionally notes that dismissal without prejudice is, at least in theory, a less extreme sanction than dismissal with prejudice. With respect to my colleagues in the majority, this does not justify today's difference in treatment. The majority rightly points out that the great bulk of our cases on this subject, including *Cox*, involved dismissals with prejudice. *See* Maj. Op. at ¶ ¶12-13. But the reason for this is a simple one: that most Rule 41 dismissals are rendered with prejudice. *See* Miss. R. Civ. P. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."). The plain text of Rule 41 does not imply that the two forms of dismissal receive different treatment, and before today, this Court has never inferred such an intent from Rule 41. Today's majority opinion lacks citation to a single case in which we have found that consideration of lesser sanctions need not precede Rule 41 dismissal so

10

long as the dismissal is rendered without prejudice. This omission speaks for itself. Today's creation of such a distinction fails to account for the fact that a plaintiff runs no less a risk of arbitrary treatment when facing a dismissal without prejudice than when a judge levies a dismissal with prejudice.

¶24. Today's distinction gives rise to other practical concerns, as well. The immediate case provides a poor example, because Hill filed his complaint only a month after his underlying cause of action occurred; but the multitude of cases in which we have considered statutes of limitations makes plain that many lawsuits are filed within mere days of the statute's expiration. In cases more common than this, where only a day or two remains after the statute's tolling, any dismissal at all can amount to a dismissal with prejudice, for all practical purposes. The majority's distinction, therefore, is one without a practical difference.

¶25. When read together, our holdings in *Guidry* and *Cox* require an on-the-record consideration of lesser sanctions before a trial court dismisses a case for failure to prosecute under Rule 41(b). As I read today's opinion, that requirement is not disturbed for purposes of dismissals with prejudice. But neither our previous cases nor the plain text of Rule 41 distinguishes between dismissals with and without prejudice, and we too should decline to do so. We should continue to grant trial judges broad discretion in these matters; but as with all questions of civil procedure, we should avoid taking any action that increases the chances that our Rules of Civil Procedure, designed to promote uniformity, instead will be applied arbitrarily. Because today's decision increases that risk, I respectfully dissent.

**WALLER, C.J., AND GRAVES, P.J., JOIN THIS OPINION.**

11